UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELI HYNES, :
:
         Petitioner, :   Civ. No. 20-2308 (PGS)
:
v. :
:
UNITED STATES OF AMERICA, :   **OPINION**
:
         Respondent. :
:

**PETER G. SHERIDAN, U.S.D.J.**

    **I.**    **INTRODUCTION**

    Petitioner, Eli Hynes ("Petitioner" or "Hynes"), is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Previously, this matter was administratively terminated as Petitioner failed to use the Clerk's updated form as well as failed to sign his § 2255 motion. (*See* ECF 2). Subsequently, Petitioner submitted a signed § 2255 motion on the updated form. (*See* ECF 8). Thus, the Clerk will be ordered to reopen this case. For the following reasons, Petitioner shall be ordered to show cause why this Court should not dismiss his § 2255 motion due to untimeliness.

    **II.**    **BACKGROUND**

    Petitioner pled guilty to one count of possession with intent to distribute heroin. (*See* Crim. No. 18-222 ECF 20). On July 19, 2018, this Court entered judgment against Petitioner and sentenced him to 144 months imprisonment. (*See id.* ECF 26). Petitioner did not file a direct appeal.

    On March 3, 2020, this Court received Petitioner's initial § 2255 motion. (*See* ECF 1). As indicated above however, Petitioner did not file his initial § 2255 motion on the proper form nor

did he sign it. On May 26, 2020, this Court received Petitioner's signed § 2255 motion on the updated form. (*See* ECF 8).

Petitioner raises three claims in his § 2255 motion; they are as follows:

1. Counsel's ineffectiveness allowed Petitioner to plead guilty in a plea agreement rather than a Rule 11(c) sentence.
2. Counsel coerced Petitioner to agree not to collaterally attack his plea.
3. 18 U.S.C § 3661 is unconstitutional.

### III.   LEGAL STANDARD

Under Rule 4 of the Rules Governing § 2255 Proceedings, "[i]f it plainly appears from the [§ 2255] motion ... that the moving party is not entitled to relief, the judge must dismiss the motion."

### IV.   DISCUSSION

Motions under 28 U.S.C. § 2255 are subject to a one year statute of limitations which runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final, the date on which an impediment to making his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence. *See* 28 U.S.C. § 2255(f)(1)-(4). "In most cases, the operative date from which the limitation period is measured will be ... the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotations omitted). Where a petitioner fails to file a direct appeal, his conviction is considered final, when the time for the filing of an appeal has run. *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999).

Petitioner's judgment of conviction was entered on July 19, 2018. (*See* Crim. No. 18-222 ECF 26). Petitioner did not file a direct appeal, thereby making his conviction become final on August 2, 2018, or fourteen days thereafter. *See Kapral*, 166 F.3d at 577, Fed. R. App. P. 4(b)(1)(A)(i). This Court did not receive Petitioner's initial § 2255 motion until March, 2020 or more than one-year after his judgment became final. Thus, absent some basis for a start date other than August 2, 2018 for when the statute of limitations began to run or equitable tolling, this action is untimely.

Petitioner makes one argument in his § 2255 motion that this action is timely. More specifically, relying on § 2255(f)(4), he cites to a bill introduced in the United States Senate on September 26, 2019 as the reason why his § 2255 motion is timely because he could not have brought this action before the bill was introduced. The bill Petitioner relies on is the Prohibiting Punishment of Acquitted Conduct Act of 2019, S. 2566, 116th Cong. (2019). The bill seeks to amend 18 U.S.C. § 3661 which currently reads as follows, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Under the proposed legislation, § 3661 would read as follows if the bill is enacted:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence, except that a court of the United States shall not consider, except for purposes of mitigating a sentence, acquitted conduct under this section.

Petitioner's argument that the bill's introduction to the Senate in September, 2019 makes his March, 2020 § 2255 timely is unavailing. Indeed, while there may be other reasons, the bill is

just that, a bill. Until it becomes a law, this Court fails to see how such proposed legislation could have any effect on the timeliness of this § 2255 motion action.

Nevertheless, if Petitioner can show he is entitled to equitable tolling, this action will be considered timely. Indeed, in extraordinary circumstances, the limitations period for the filing of a § 2255 motion may be equitably tolled. *See Ross v. Varano*, 712 F.3d 784, 798-99 (3d Cir. 2013). The Supreme Court has held that a petitioner seeking to establish equitable tolling must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 798 (internal quotation marks and citations omitted).

Petitioner shall be given an opportunity to show cause as to why this action should not be dismissed due to untimeliness. In any brief Petitioner may elect to file, he can present any arguments as to why he is entitled to equitable tolling. Should Petitioner not file any brief within the time allotted by this Court, then this matter will be dismissed due to untimeliness.

## V.     CONCLUSION

For the foregoing reasons, it appears this action is untimely. Petitioner shall be given thirty (30) days in which to file a brief where Petitioner may assert that this § 2255 action is timely and/or that he is entitled to equitable tolling. An appropriate order will be entered.

DATED: June 16, 2020

                                                                *s/Peter G. Sheridan*
                                                                PETER G. SHERIDAN, U.S.D.J.