**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELI HYNES, | : | |
| Petitioner, | : | Civ. No. 20-2308 (PGS) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| Respondent. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

**I.   INTRODUCTION**

Petitioner, Eli Hynes ("Petitioner"), is a federal prisoner proceeding with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 8, "Motion".) Following an order to answer, the Government filed an answer to the motion. (ECF No. 19.) Petitioner did not file a reply. For the reasons set forth below, the Court will deny Petitioner's motion and will not issue a certificate of appealability.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

On May 17, 2017, Passaic County Sheriff's Office ("PSCO") detectives established surveillance in in the area of 22nd Avenue and East 32nd Street in Paterson, New Jersey. (Presentence Investigation Report ("PSR") ¶ 8.) Detectives

observed a silver Toyota Tacoma pull up and park in front of an apartment building at 22nd Avenue. (*Id.*) Petitioner exited the apartment and approached the driver's side of the Tacoma. (*Id.*) Petitioner handed the driver two square objects in exchange for cash. (*Id.*) The detectives recognized the exchange as a hand-to-hand narcotics transaction. (*Id.*) Petitioner reentered the apartment and the Tacoma drove away. (*Id.* ¶ 9.) A subsequent motor vehicle stop of the Tacoma revealed the driver was in possession of heroin. (*Id.*)

Detectives observed Petitioner leave the apartment and enter a black BMW with another individual. (*Id.* ¶ 10.) Detectives conducted a motor vehicle stop of the BMW and Petitioner was arrested. (*Id.*) A search of Petitioner's person yielded $290 U.S. currency. (*Id.*) Petitioner consented to a search of his residence located at 254 22nd Avenue. (*Id.* ¶ 11.) Petitioner original wrote his mother's address at 564 East 3rd Street on the consent to search form, but then corrected himself and provided the 254 22nd Avenue address. (*Id.*) Petitioner admitted "there [were] guns, money, and drugs back at [his] house." (*Id.*) Petitioner claimed the other individual in the BMW "didn't know about the drugs or the guns," and stated "[t]hat's all mine." (*Id.*)

Petitioner and detectives traveled to Petitioner's apartment and Petitioner admitted "[t]he guns, drugs, and money, [were] inside a shoe box behind the sofa." (*Id.* ¶ 12.) Detectives recovered the shoe box, which contained:

> One .44 caliber Smith and Wesson revolver loaded with six rounds of hollow-point ammunition bearing serial

2

>number, CEA4645; one .40 caliber Glock-23 semi-automatic handgun loaded with ten rounds of hollow-point ammunition bearing serial number, NFH660; 25 bags of heroin stamped with "Medusa" in red ink, and 12 bags of heroin stamped with "Lucky 7" in red ink; 20 small zip-locked bags of marijuana, and $1,012 in U.S. currency.

(*Id.*) The suspected drugs were field tested and confirmed positive for heroin and marijuana. (*Id.*) The total amount of heroin bundles was approximately 203 dosages. (*Id.*) The heroin total extrapolated net weight was 3.23 grams. (ECF No. 19-3, Sentencing Tr. at 4:11-16.)

Petitioner was charged in New Jersey state court with drug and weapons offenses. (PSR ¶ 13.) The New Jersey Superior Court, Passaic County Court, released Petitioner from custody via state pretrial services. (*Id.*)

On August 3, 2017, a federal criminal complaint and arrest warrant were issued in this Court, charging Petitioner with distribution of heroin, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). (*See* Crim. No. 18-cr-0222, ECF Nos. 1, 2.) On August 17, 2017, the Bureau of Alcohol, Tobacco and Firearms ("ATF") arrested Petitioner on the federal warrant. (PSR ¶ 16.) During Petitioner's processing, the ATF located two bricks of heroin (approximately 51 dosages) on Petitioner's person. (*Id.*) The total amount of heroin seized on August 17, 2017 was 0.51 grams of heroin. (*Id.* ¶ 19.)

On April 18, 2018, Petitioner waived his right to be charged by indictment and consented to proceed by information. (*See* Crim. No. 18-cr-0222, ECF No. 18.)

3

The information charged Petitioner with one count of possession with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*Id.*, ECF No. 17.)

On April 18, 2018, pursuant to a plea agreement, Petitioner pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*See* ECF Nos. 19-1, 19-2.) In the plea agreement, the parties agreed that a sentence of 144 months' imprisonment and 3 years' supervised release was a reasonable sentence under 18 U.S.C. § 3553(a), and that neither party would argue for a sentence below or above the 144 months. (*See* ECF No. 19-1 at 8.) The parties also agreed to factual stipulations contained in a Schedule A to the plea agreement, including that Petitioner knowingly and intentionally possessed with the intent to distribute a quantity of a mixture and substance containing less than 10 grams of heroin on both May 17 and August 17, 2017, and that Petitioner knowingly possessed the two firearms recovered from his apartment on May 17, 2017. (*See id.*) The plea agreement also stipulated that the possession of firearms and the possession of heroin on August 17, 2017, were relevant conduct within the meaning of U.S.S.G. § 1B1.2(c). (*See id.*)

On July 16, 2018, the Court sentenced Petitioner to 144 months imprisonment followed by three years of supervised release. (*See* ECF No. 19-3.) On July 19, 2018, the Judgment of Conviction was filed. (*See* Crim. No. 18-cr-0222, ECF No. 26.)

Petitioner did not file an appeal challenging his conviction or sentence. Instead, on March 3, 2020, Petitioner filed a Section 2255 motion. (ECF No. 1.) The Court administratively terminated the matter and instructed Petitioner to re-submit the motion on the proper form. (ECF No. 2.) On May 26, 2020, Petitioner filed the instant Section 2255 motion on the proper form. (ECF No. 8.) On June 16, 2020, the Court ordered Petitioner to show cause why the Court should not dismiss Petitioner's motion as untimely. (*See* ECF No. 9.) Petitioner responded, submitting that he had sent a letter to the Court on February 2, 2019, requesting a proper Section 2255 form. (*See* ECF No. 12.) On May 17, 2021, the Court ordered the Government to answer Petitioner's § 2255 motion and directed that should the Government raise a timeliness argument, it should specifically address the February 2019 letter from Petitioner to the Court. (*See* ECF No. 16.)

### III. LEGAL STANDARD

#### A. Statute of Limitations

Title 28, United States Code, Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Perkins*, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

To bring a successful § 2255 motion, Petitioner must first show his claim is timely. Section 2255 provides that:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where a petitioner does not file a petition for certiorari review, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.1999). "A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari." *Kapral*, 166 F.3d at 570–1 (citing Supreme Court Rule 13).

## IV. DISCUSSION

### A. Timeliness of Petitioner's Motion

Petitioner's judgment of conviction was entered on July 19, 2018. (See Crim. No. 18-0222, ECF No. 26.) As explained above, Petitioner did not file a direct appeal. Therefore, Petitioner's conviction became final on August 2, 2018, fourteen days after his judgment of conviction was entered. *See Kapral*, 166 F.3d at 577; *see also* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner had one year, or until August 2, 2019, to file a timely § 2255 motion. The Court did not receive Petitioner's initial § 2255 motion until March 3, 2020. (ECF No. 1.)

Petitioner argues for an alternate initial filing date for the instant § 2255 motion. (*See* ECF No. 12.) Petitioner alleges that on February 2, 2019, which would have been within the one-year-statute-of limitations for filing a timely § 2255 motion, he mailed a § 2255 "motion/letter" to the Court requesting the Court send

7

him a proper § 2255 form and attached to that request a handwritten § 2255 motion arguing that his plea counsel provided ineffective assistance during sentencing for not arguing that Petitioner was "erroneously designated a career offender" because his "state prior convictions for drugs [and aggravated assault] are not categorically controlled substance offenses pursuant to [*United States*] *v. Mathis*, [*United States*] *v. Descamps*, and [*United States*] *v. Hinkle*." (ECF No. 12 at 3, 6.) Petitioner argues that the Court should construe his February 2, 2019 motion/letter as a timely filed § 2255 motion and the instant May 26, 2020 § 2255 motion as an amendment to his original motion/letter. (ECF No. 12 at 3.)

The Government argues that there is nothing beyond Petitioner's "bare assertions" to show that he mailed the motion/letter to the court. (ECF No. 19 at 17.) The Government also notes that when addressing timeliness in his instant § 2255 motion, Petitioner failed to mention his allegedly previous mailed motion/letter. (*Id.*) The Government's response argues that even if Petitioner did attempt to mail that motion/letter to the Court, he failed to pursue his rights diligently when he then waited over a year after he allegedly mailed his letter to the Court, before filing his § 2255 motion with this Court. (*Id.* at 18.)

Petitioner fails to provide the Court with any proof that he mailed the February 2, 2019 letter to the Court. Additionally, the letter was never docketed by the Court. However, giving *pro se* Petitioner the benefit of every doubt, assuming arguendo

8

that Petitioner did mail his February 2, 2019 motion/letter to the Court, the claims in Petitioner's instant § 2255 motion remain untimely.

As explained above, Petitioner had one year from his judgment of conviction, or until August 2, 2019 to file a timely § 2255 motion. If the Court accepts that Petitioner attempted to file his original motion/letter on February 2, 2019, it was within the applicable one-year statute of limitations. However, the filing of that § 2255 motion did not act to toll the running of the one-year statute of limitations. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, to the extent Petitioner asserts that his current March 2020 § 2255 motion is an amendment to his original filing and the claims in his instant March 2020 § 2255 motion are timely strictly because his February 2019 motion/letter was timely, such a timeliness argument is invalid as the instant March 2020 motion was filed outside of the one-year statute of limitations.

Petitioner submits that the § 2255 motion that is before the Court is an amendment to his original February 2019 motion/letter. Thus, the claims before the Court are timely only if they relate back to his timely original February 2, 2019 motion/letter.

> Pursuant to Rule 15(c), an amendment that is otherwise untimely "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has

9

cautioned that courts should not interpret "conduct, transaction, or occurrence" in such a broad manner so as to construe essentially all amendments as permissible under the relation-back doctrine. *See Mayle v. Felix*, 545 U.S. 644, 656–57 (2005). For example, in the habeas context, the Supreme Court has refused to interpret "conduct, transaction, or occurrence" as broadly encompassing a "habeas petitioner's trial, conviction, or sentence," reasoning that "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* Instead, it has counseled that an amendment relates back to a habeas petition under Rule 15(c) "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 664 (emphasis added).

In "search[ing] for a common core of operative facts in the two pleadings," *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), courts should remain aware that "the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide,'" *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012). "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Glover*, 698 F.3d at 146 (quoting *Bensel*, 387 F.3d at 310). For example, we have held that "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction[,] or occurrence in the preceding pleading fall within Rule 15(c)" because the opposing party will have had sufficient notice of the circumstances surrounding the allegations contained in the amendment. *Bensel*, 387 F.3d at 310.

*United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019).

Here, Petitioner's current § 2255 motion raises the following claims:

1. Ineffective assistance of plea counsel for persuading Petitioner to plead guilty pursuant to a plea agreement that dropped the weapons charge but stipulated that the weapons charge would be considered as "relevant conduct" for sentencing pursuant to U.S.S.G. 1B1.2(c).

2. Ineffective assistance of plea counsel for coercing Petitioner to waive his right to collateral attack his plea; and

3. 18 U.S.C. § 3661 is unconstitutional.

(*See generally* ECF No. 8.) These claims do not relate back to the Petitioner's initial February 2019 motion/letter. The claim raised in Petitioner's initial § 2255 motion/letter pertained to counsel's ineffective assistance in failing to challenge Petitioner's career offender status. (*See* ECF No. 12 at 6-7.) Petitioner's current claims do not restate Petitioner's original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct raised in his original February 2019 motion/letter. While Petitioner did originally raise an ineffective assistance of counsel claim, that claim, and Petitioner's current claims are not tied to a common core of operative facts. Petitioner's current claims relate to the application of "relevant conduct" to Petitioner's sentence and Petitioner's waiver of his appeal rights, while his initial claim challenged Petitioner's career offender

status. A common core of operative facts does not exist for the purpose of relation back. Therefore, the claims in Petitioner's instant § 2255 are time-barred.[1]

### B. Applicability of Equitable Tolling

While it is unclear, Petitioner may be arguing that he was prevented from timely filing is § 2255 motion because of a prison lockdown. (*See* ECF No. 12 at 7.) Petitioner attaches to his response to the Court's Order to Show Cause a January 29, 2019 Memorandum from the Warden of the United States Penitentiary, in White Deer, Pennsylvania. (*Id.*) The Memorandum informed the inmates that 1) the gymnasium would be closed until February 4, 2019, and 2) "inmates with a history of introducing drugs into the facility will not receive the original item mailed to them, [instead] [t]heir mail will now be photocopied with a copy provided to the inmate." (*Id.*)

---

[1] Although the Court has considered Petitioner's original February 2019 motion/letter for the purposes of determining the timeliness of the claims in Petitioner's instant § 2255 motion, the claim in Petitioner's original filing is not before the Court. Petitioner specifically requested that the Court view his instant § 2255 motion as an amendment to his original filing. (ECF No. 12 at 3.) Amended petitions wholly replace originally filed petitions. *See Garrett v. Wexford Health*, 938 F.3d 60, 82 (3d Cir. 2019) ("[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading."). Petitioner signed a declaration that he was "notified that [he] must include in this motion all the grounds for relief from the conviction or sentence that [he] challenges." (ECF No. 8 at 22.) Additionally, Petitioner explicitly indicated in his instant § 2255 motion that he does not "recognize any other grounds" that are not presented. (*Id.* at 18.) Therefore, the Court only considers Petitioner's instant § 2255 motion (ECF No. 8) and the claims raised therein.

"[T]he AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). Equitable tolling is a remedy which should be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008). At the same time, courts "should favor flexibility over adherence to mechanical rules," and each decision should be made on a "case-by-case basis." *Ross*, 712 F.3d at 799 (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96). Courts determine whether a petitioner has exercised reasonable diligence using a subjective test that "must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. And "there must be a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and [his] failure to file a timely" § 2255 motion. *Id.* at 803.

If Petitioner is attempting to argue that based on the above discussed Memorandum, an extraordinary circumstance stood in his way of timely filing his § 2255 motion, that argument fails. Petitioner fails to make any argument how a

13

January 2019 Memorandum closing the penitentiary's gymnasium and preventing inmates with a history of receiving drugs from retaining original copies of their mail, prevented Petitioner from filings his § 2255 before the August 2020 statute of limitations ran. Petitioner fails to show he diligently pursued his right to file a § 2255 motion. Petitioner fails to provide the Court with a basis to invoke equitable tolling and Petitioner's § 2255 motion is dismissed as time-barred pursuant to § 2255(f).

## V.   CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, a defendant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the court concludes that jurists of reason would not find the procedural disposition of Petitioner's motion, based on its untimeliness, debatable. Accordingly, the court will not issue a COA.

## VI.  CONCLUSION

Petitioner's motion is time-barred, and, for the reasons set forth above, the doctrine of equitable tolling does not apply. The Court will dismiss Petitioner's § 2255 motion as untimely. A certificate of appealability shall not issue. An appropriate order follows.

DATED: May 22, 2023

                                                                              _____
                                                                              PETER G. SHERIDAN
                                                                              United States District Judge